IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 5:18-CR-364-D

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MICHAEL JACOBS, ) | |
| ) | |
| Defendant. ) | |

On April 30, 2020, Michael Jacobs ("Jacobs") moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 199] and filed a memorandum of law and medical records in support [D.E. 225, 227]. On September 3, 2020, the United States responded in opposition [D.E. 229]. As explained below, the court dismisses Jacobs's motion without prejudice for failure to exhaust administrative remedies.

On March 21, 2019, pursuant to a written plea agreement, Jacobs pleaded guilty to conspiracy to distribute and possess with the intent to distribute marijuana and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. See [D.E. 103]; [D.E. 108] 4, 7. On June 24, 2019, the court held Jacobs's sentencing hearing, adopted the facts set forth in the Presentence Investigation Report ("PSR") [D.E. 137], and calculated Jacobs's total offense level to be 34, his criminal history category to be I, and his advisory guideline range to be 151 to 188 months' imprisonment. See [D.E. 147]; [D.E. 154] 1. After granting the government's downward departure motion and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Jacobs to 120 months' imprisonment. See [D.E. 147]; [D.E. 154] 2. Jacobs did not appeal.

On December 21, 2018, the First Step Act went into effect. See First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5249 (2018). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A)'s exhaustion requirement is "mandatory" and "serves valuable purposes," such as ensuring the "orderly processing of applications for early release" and preventing administrative "line jumping." United States v. Alam, 960 F.3d 831, 832–34 (6th Cir. 2020). Circumventing the exhaustion requirement denies the BOP the ability to "process these applications fairly and with due regard for the seriousness of each inmate's risk." Id. at 836.

Jacobs is 66 years old and seeks compassionate release pursuant to section 3582(c)(1)(A)(i). See [D.E. 137] 2; [D.E. 199] 1; [D.E. 206] 1; [D.E. 227] 1, 11. In support, Jacobs relies on the "other reasons" policy statement in application note 1(D) to U.S.S.G. § 1B1.13. See [D.E. 227] 6. Specifically, Jacobs cites the COVID-19 pandemic, his age, emphysema, heart problems, obesity, and that he tested positive for COVID-19 on April 24, 2019. See id. at 11–12; [D.E. 199] 2; [D.E. 206] 2; [D.E. 225].

As for the timeliness of Jacobs's motion, Jacobs has not exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). Specifically, Jacobs does not assert that he has "appeal[ed] a failure of the [BOP] to bring a motion on [his] behalf" or that "30 days [have elapsed] from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. §

2

3582(c)(1)(A); see [D.E. 227] 5 ("[Counsel] is not in possession of any documents that Mr. Jacobs has submitted to the warden of his prison facility asking that he be released before filing his motion for compassionate release with the district court."). Instead, Jacobs argues that "it would be futile for him to make a formal request for release to his warden." [D.E. 227] 4. Jacobs supports his futility argument with allegations that prison officials told Jacobs that "the warden of his prison facility [is] no longer making . . . determinations on compassionate release." Id. at 5. Nonetheless, Jacobs's argument does not excuse his failure to exhaust. See Alam, 960 F.3d at 834 ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions" to the exhaustion requirement.). But see Casey v. United States, No. 4:18-CR-4, 2020 WL 2297184, at *1 (E.D. Va. May 6, 2020) (unpublished).

The government has properly invoked section 3582's exhaustion requirement. See [D.E. 229] 15. As such, the court declines to address Jacobs's claim on the merits. See Alam, 960 F.3d at 833 ("mandatory claim-processing rules bind the courts . . . when properly asserted and not forfeited."); United States v. Battle, No. 4:15-CR-4-1-FL, U.S. Dist. Lexis 65752, at *2 (E.D.N.C. Apr. 9, 2020) (unpublished).

In sum, the court DISMISSES WITHOUT PREJUDICE Jacobs's motion for compassionate release [D.E. 199] for a failure to exhaust administrative remedies.

SO ORDERED. This 28 day of October 2020.

JAMES C. DEVER III
United States District Judge